LESCHES LAW
LEVI LESCHES — Cal. Bar No. 305173
5757 Wilshire Boulevard, Suite 535
Los Angeles, CA 90036
Phone: (323) 900-0580
Email: levi@lescheslaw.com

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LEVI LESCHES, an individual;<br><br>          Plaintiff,<br><br>  v.<br><br>ANABEL Z. ROMERO, Court Executive Officer of the San Bernardino Superior Court; DAVID W. SLAYTON, Clerk of the Court for Los Angeles Superior Court;<br><br>          Defendants. | Case: 5:24-cv-524<br><br>**COMPLAINT FOR:**<br><br>**(1) 28 U.S.C. § 2201 / DECLARATORY RELIEF (Failure to File Document)**<br><br>**(2) 42 U.S.C. § 1983 INJUNCTIVE RELIEF (Failure to File Document)**<br><br>**(3) 28 U.S.C. § 2201 / DECLARATORY RELIEF (Prospective Relief — "First Paper" Policy)**<br><br>**(4) 42 U.S.C. § 1983 INJUNCTIVE RELIEF (Prospective Relief — "First Paper" Policy)**<br><br>**(5) 28 U.S.C. § 2201 / DECLARATORY RELIEF (Prospective Relief — General Filing Policies)** |

COMPLAINT

**(6) 42 U.S.C. § 1983 INJUNCTIVE RELIEF (Prospective Relief — General Filing Policies)**

## PARTIES

1.  **Plaintiff Levi Lesches,** doing business as Lesches Law, is and was at all times relevant herein, was a resident, domiciliary, and citizen of California, with his primary place of residence in Los Angeles County.

2.  **Defendant ANABEL Z. ROMERO** is sued in her capacity as the Court Executive Officer of the Superior Court of California, County of San Bernardino which office of Court Executive Officer is authorized under, amongst other statutes and regulations, section 71620 of the *California Government Code* and rule 10.610 of the *California Rules of Court*.

3.  As relevant herein, Defendant ROMERO's duties encompass the nondiscretionary duty to file papers and filings in accordance with sections 69845 through 69846.5 of the *California Government Code*. *See also Cal. Gvm't Code* § 71620(b) ("The executive or administrative officer has the authority of a clerk of the trial court"). *See Mito v. Temple Recycling Center Corp.,* 187 Cal.App.4th 276 (2010).

4.  **Defendant DAVID W. SLAYTON** is sued in his capacity as Court Executive Officer and Clerk of Court of the Superior Court of California, County of Los Angeles, which office of Clerk of Court is authorized under, amongst other statutes and regulations, section 71620 of the *California Government Code*, rule 10.610 of the *California Rules of Court*, and section 69840 of the *California Government Code*.

5.  As relevant herein, Defendant SLAYTON's duties encompass, amongst other matters, the nondiscretionary duty to file papers and filings in accordance with 69845 through 69846.5 of the *California Government Code*. *See also Cal. Gvm't*

*Code* § 71620(b) ("The executive or administrative officer has the authority of a clerk of the trial court").  *See Mito v. Temple Recycling Center Corp.,* 187 Cal.App.4th 276 (2010).

## JURISDICTION & VENUE

6.    Federal question jurisdiction over this action arises pursuant to section 1331 of title 28 of the *United States Code,* because Plaintiff's First, Third, and Fifth Causes of Action seek declaratory relief under the Due Process Clause of the Fifth Amendment and/or the Privilege and Immunities Clause of the Fourteenth Amendment of the United States Constitution.  Federal question jurisdiction further arises because Plaintiff's Second, Fourth, and Sixth Causes of Action, which seek injunctive relief under the "Constitution, laws, or treaties of the United States."

7.    Because "a substantial part of the events or omissions giving rise to the claim occurred" in the Central District for the State of California, venue in this Court is appropriate pursuant to subdivision (b)(2) of section 1391 of title 28 of the *United States Code*.

8.    The Defendants are subject to personal jurisdiction in this district, because, amongst other matters, they reside in this district.

## GENERAL ALLEGATIONS

9.    This action arises from the various California Superior Courts' implementation of electronic filing procedures.

10.    The Defendants have adopted systems that require filers to *predict* the amount of money they are required to pay in association with a filing.

11.    If the filer incorrectly calculates the amount of his or her electronic-payment authorization, the filing is rejected—even though the filer is not provided an accurate estimation of fees due.

12.    If the *clerk* incorrectly calculates the due payment amount, the filing is rejected without an opportunity to dispute the incorrect calculation.

13.    Prior to the implementation of electronic filing, the California *Code of Civil Procedure* established a uniform procedure that was designed, with respect to so-called "first paper" filings, to relieve filers from risks of computational errors.

14.    In 2005, the California Legislature enacted sections 411.20 and 411.21 of the *California Code of Civil Procedure*.  Those sections provide that if the filer's check is inadequate to cover the cost of filing a "first paper," the relevant clerk is bound ("shall") to accept the "first paper" and provide the filer a 20 day cure period to pay the balance of the fee owed, together with an administrative surcharge.

15.    In 2007, the California Legislature amended sections 411.20 and 411.21 to clarify that a defaulting filer—including an attorney—could make curative payments via personal check.  The 2007 amendment eliminated the prior requirement to make the curative payments through cashier's check, cash, or money order (as previously required under the 2005 version of the statute).

16.    In 2018, the California Legislature added section 411.20.5 of the *Code of Civil Procedure*.  That section provides that if a credit card, or ACH authorization, is declined with respect to any filing made by an attorney, the filing vendor (known as an "electronic filing service provider" or "EFSP") can utilize a summary enforcement proceeding against the relevant attorney for obtaining payment.

17.    Section 411.20.5 does not specifically address incorrect electronic-payment authorizations made by a filer in association with electronically filing a "first paper."

18.    The Defendants, however, utilize filing procedures wherein a "first paper" will be rejected if: (1) the filer fails to accurately compute filing fees; **or** (2) if the clerk miscalculates filing fees.

19.    Plaintiff seeks declaratory relief and/or injunctive relief to establish that such procedure violates procedural Due Process—particularly because, given the existence of curative procedures established by California law with respect to check

payments, the Defendants clearly cannot meet their burden under *Matthews v. Eldridge*, 424 U.S. 319 (1976) to justify their refusal to use equivalent procedural protections with respect to electronic payments.

## THIS SUIT IS NOT INTENDED TO DETRACT FROM THE DEFENDANTS' SIGNIFICANT EFFORTS IN ENAHNCING ACCESS TO JUSTICE

20.    Plaintiff does not intend to detract from the Defendants' efforts to promote and enhance access to justice.

21.    Particularly with respect to Defendant SLAYTON, the Los Angeles Superior Court has implemented significant improvements relating to electronic filing, remote appearances, scheduling hearings, the Los Angeles attorney portal, *etc*.

22.    This suit is not intended to criticize or penalize Defendant's efforts to provide such improved access to justice.  Indeed, Plaintiff anticipates that this suit will assist the Defendants in identifying (potentially unintended) reliability issues associated with their implementation of e-filing systems (including accounting for filing-clerk unfamiliarity with filing procedures and/or the adoption of erroneous filing procedures).

## GENERAL ALLEGATIONS

23.    Plaintiff is a California licensed attorney that has practiced before the Superior Court in and for the County of Los Angeles; and before the Superior Court in and for the County of San Bernardino.  Plaintiff anticipates continuing to practice law before those Courts.

24.    Plaintiff regularly files "first papers" in those courts. Plaintiff has no plan to change his general practice area.

25.    Plaintiff accordingly anticipates that he will file numerous "first papers" with those courts in the future.  Accordingly, the civil rights violations complained of herein will likely continue to affect Plaintiff, and Plaintiff's current and future

clients, in a concrete and particularized manner.

26. "First Papers" are first appearance papers in California civil procedure. Failing to timely file a first paper can result in, without limitation: (1) potentially missing the statute of limitations, thereby rendering one's entire cause(s) of action susceptible to a complete affirmative defense; (2) potentially losing the opportunity to raise a special demurrer under section 430.10(a)–(d) and (e)–(h) of the *Code of Civil Procedure*; (3) potentially losing the opportunity to challenge personal jurisdiction under section 418.10 of the *Code of Civil Procedure*; (4) potentially losing the opportunity to challenge venue under section 396b of the *Code of Civil Procedure*; and (5) potentially being subject to the entry of a default for failure to timely respond.

27. The California Legislature enacted specific legislation to protect procedural rights associated with "first papers."

28. Prior to 2005, California law authorized the rejection of first papers for failure to pay sufficient filing fees. *See Duran v. St. Luke's Hospital*, 114 Cal.App.4th 457 (2003).

29. In 2005, the California Legislature decided to abrogate over 100 years of such decisional authority, through establishing an alternative procedure under sections 411.20 and 411.21 of the *California Code of Civil Procedure*.

30. Those sections provide that if the filer's check is inadequate to cover the cost of filing a "first paper," the relevant clerk is bound to ("shall") accept the "first paper" and to provide the filer with a 20-day cure period to pay the balance of the fee owed, together with an administrative surcharge.

31. Indeed, under such statutes, tendering $1.00 in association with the filing of the "first paper" entitles the filer to: (1) file; and (2) cure within 20 days.

32. Additionally, the Judicial Council of California has required, under rule 2.254(a) of the California Rules of Court, that each court utilizing e-filing procedures

publish a clear specification of filing requirements, thereby precluding the public from being prejudiced by filing rejections that are predicated on filing-rejection bases that not generally disclosed to the public at large.

33.    On or about October 31, 2019, Plaintiff filed a "first paper" in the action known as *In re Audrey Haskell Family Trust* 2001, Los Angeles Superior Court Case No. 19STPB06779.

34.    In doing so, Plaintiff selected the generic filing options, which was preset, by the EFSP to the generic filing fee associated with such filing.  In other words, Plaintiff's document submittal included the authorization for the generic fee, and Plaintiff did not engage in a decision to tender the wrong fee.

35.    That document was rejected on November 4, 2019 for, amongst other reasons, failing to submit motion fees.

36.    In Plaintiff's understanding, "failing to submit motion fees" referred to the filer's (i.e., Plaintiff's) failure to correctly denominate the authorization amount for charges associated with the electronic filing.  In Plaintiff's understanding, the "failing to submit motion fees" rejection reason did *not* refer to a declined authorization by the relevant financial institution.

37.    As relevant herein, under *Government Code* § 70617(b)(1) (providing that a motion fee is *not* to be charged in association with the filing of any responsive "first paper" that is accompanied by the payment of a first-paper filing fee), the Superior Court cannot charge a motion fee in association with a "first filing" fee. Accordingly, the rejection was due to clerical error (i.e., the filing clerk misunderstood the relevant law regarding California uniform fees).

38.    Indeed, as demonstrated by the Los Angeles Uniform Fee Schedule, https://www.lacourt.org/forms/pdf/fees/fee-schedule-2019.pdf, and https://www.lacourt.org/forms/pdf/fees/fee-schedule-2021.pdf, the Los Angeles Fee Schedule is substantively erroneous and overcharges fees in noncompliance with

California law.  *Cal. Gvm't Code*, § 70603(a).

39.     Although Plaintiff understands that a large restitution class exists, it is not Plaintiff's claim in this case to prosecute the issue of restitution.  Rather, Plaintiff alleges such matter to demonstrate that, under California procedure, a filer's first papers is subject to rejection because the *clerk* fails to understand the relevant statutory procedures and statutory uniform fee schedule.

40.     Furthermore, though the EFSP is, statutorily, the relevant courts' agent for the collection of fees, *Cal. Gvm't Code* § 6159(h)(2), Plaintiff is informed and believes that the relevant courts do not provide the EFSP with authorization to make estimated charges and then later settle balances.

41.     Plaintiff is not aware of any other service or procedure offered in the general economy where the customer *must correctly anticipate* another human actor's application of a complex fee schedule as a prerequisite to the purchase of a necessary and vital product.  Plaintiff is not aware of any other service or procedure where the sale of the product being denied in the event that the customer fails to accurately anticipate the charge later applied.

42.     In such respect, filing through an EFSP differs from filing with a human clerk at a filing window, because the filer at a filing window is able to tender whatever amount is *requested* and then later dispute, if need be, the sought sum.

43.     Even thought the EFSP is statutorily authorized to act as the equivalent of a human clerk, *Cal. Gvm't Code* § 6159(h)(2), tendering the amount requested by the EFSP is not deemed sufficient.  As alleged herein, the filing clerk can later determine that the amount requested by the EFSP is insufficient to satisfy the filing clerk's determination of the appropriate fee.

44.     Accordingly, procedural due process is violated with the EFSP procedure, because the EFSP's estimation is not deemed sufficient to entitle the filer to submit a "first paper."  Additionally, the use of section 411.20 and section 411.21

1   procedures with respect to paper checks demonstrates that the government has e
2   reasonable alternative procedures.

3       45.     Additionally, under rule 2.254(a) of the *California Rules of Court*, the
4   Defendants failed to publicly publish that the filer's incorrect calculation of fees
5   could constitute grounds for filing rejection.  *See also Government Code* § 71386
6   (requiring written policies governing check payments).

7       46.     Plaintiff sent Defendant Slayton's predecessor, Sherri R. Carter,
8   correspondence identifying the foregoing issues.

9       47.     Plaintiff is informed and believes that, despite such correspondence, the
10  Los Angeles Superior Court failed to implement filing-rejection policies and
11  procedures that comply with procedural due process.  Amongst other matters, the
12  current Los Angeles schedule of fees *continues* to note the fee exemption provided
13  for under § 70617(b)(1) of the *California Government Code* (providing that a motion
14  fee is *not* to be charged in association with the filing of any responsive "first paper"
15  that is accompanied by the payment of a first-paper filing fee).

16      48.     Plaintiff does not seek retrospective relief with respect to the *In re*
17  *Audrey Haskell* matter.

18      49.     On February 22, 2024, Plaintiff timely submitted a demurrer—which
19  was a "first paper"—in the action All-*Ways Pacific LLC et al v. Saadia Group LLC*,
20  San Bernardino No. CIVSB2305236.

21      50.     On Saturday March 9, 2024, the demurrer was rejected for grounds that
22  included "insufficient funds for motion fee."

23      51.     In Plaintiff's understanding, the "insufficient funds for motion fee"
24  referred to the filer's (i.e., Plaintiff's) failure to correctly denominate the correct
25  authorization amount for charges associated with the electronic filing.  In Plaintiff's
26  understanding, the "insufficient funds for motion fee" rejection reason did not refer
27  to a declined authorization by the relevant financial institution.

28

52.     Plaintiff seeks retrospective relief with respect to the *All-Ways Pacific* matter, through, amongst other matters, a judicial declaration that procedural due process was violated by such filing rejection, for the reasons set forth in paragraphs 37–45 above.

53.     Additionally, unlike the Los Angeles fee schedule, the San Bernardino fee schedule correctly notes the filing exemption provided for under § 70617(b)(1) of the *California Government Code*. *See* https://www.sb-court.org/sites/default/files/Divisions/Civil/feeSched.pdf , Item no 45 (explicitly providing that $60 is required for a "Motion or other paper requiring a hearing (*unless it is the party's first paper and the first paper filing fee is paid*)"). Accordingly, the filing rejection was in violation of that Court's own published policies and procedures.

54.     An alternatively provided ground was that the caption listed the Defendant with a different spelling than the Complaint.

55.     Under rule 2.254(a) of the *California Rules of Court*, the Defendants failed to publicly publish that the filer's alternative spelling of the Party's name constitutes grounds for filing rejection.

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF — RETROSPECTIVE
### By Plaintiff, against Defendant ROMERO

56.     Plaintiff reincorporates all preceding paragraphs as though fully set forth herein.

57.     Plaintiff seeks a judicial declaration that the reliance on "insufficient funds for motion fee" as grounds for the February 22, 2024 filing rejection constituted a violation of Plaintiff's procedural due process rights and/or the procedural due process rights of Plaintiff's clients.

58.    Under *Government Code* § 70617(b)(1), the rejection grounds were erroneous under California law.

59.    Under rule 2.254(a) of the *California Rules of Court*, the rejection grounds were not based on a publicly published notice to the public about such grounds for rejection. *See also Government Code* § 71386.

60.    Under *Matthews v. Eldridge*, and other similar authority, Defendant ROMERO violated Plaintiff's procedural due process rights under the Fifth Amendment, as incorporated against the States under the Fourteenth Amendment, because, among other matters:

- The private deprivation is recognized at law to be significant, as demonstrated by, amongst other matters, the California Legislature's decision to overturn *Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457 through the enactment of sections 411.20 and 411.21;

- The risk of error can be mitigated through the use of procedures of probable value and/or additional or substitute procedural safeguards, such as: (1) extending sections 411.20 and 411.21 to electronic payments, and allowing litigants to cure insufficient electronic payments in 20 days; and/or (2) requiring clerks to notify litigants of insufficient payment prior to rejection, so as to enable attorneys, like Plaintiff, to alert the clerks that they appear to be misapplying filing-fee requirements; and/or (3) publishing clear policies regarding such matters; and/or (4) allowing litigators to establish prepaid accounts and/or "overauthorize" a payment amount, so as to ensure that any payment deemed appropriate by the collecting court is within the limit of authorized funds; and/or (5) other procedural safeguards that will avoid filings being rejected through miscalculation, whether through the miscalculation of the filing attorney or filing deputy clerk.

- The costs and administrative burden of the additional process are minimal, because, amongst other matters such burdens are already required of Defendants for check payments under sections 411.20 and 411.21 of the *Code of Civil Procedure*, section 71386 of the *Government Code*, and rule 2.254(a) of the *California Rules of Court*; and/or (2) such burdens are likely less than the administrative burdens associated with the prosecution of applications for relief from default and/or other legal proceedings.

61. *Younger* abstention is inappropriate, for numerous reasons.

62. First, Plaintiff does not seek to interfere with state-court proceedings. Nothing in the relief granted by this Court would *enjoin* the state court from engaging in any proceedings. To the contrary, such relief would require the state court to consider Plaintiff's claims on the merits. It is proper to obtain federal review of whether a state procedure comports with constitutional minimums. *Adir Int'l, LLC v. Starr Indem. & Liab. Co*., 994 F.3d 1032, 1040 (9th Cir. 2021); *Redd v. Guerrero*, 84 F.4th 874, 890 (9th Cir. 2023).

63. Second, the Defendants' *method for collecting payments* for legal filings does not implicate a "core" function of California's court system. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). If *Younger* were applied in such a manner, a state could circumvent federal-court review of payment-collection policies that violate due process (such as a hypothetical rule requiring payment through credit card from a recognized financial institution, which could have the effect of discriminating against underbanked).

64. Third, declaratory relief is unlikely to interfere with state proceedings. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 n.9 (9th Cir. 2007). The sought relief relates to the due process implications of nondiscretionary and non-adjudicative functions of the clerks of the California courts, *Mito v. Temple Recycling*

*Center Corp*. (2010) 187 Cal.App.4th 276, and abstention is therefore not implicated.

65.    Plaintiff seeks, as against Defendant ROMERO, a judicial declaration that relying on grounds of "insufficient funds for motion fee" as a basis and/or partial basis for rejecting the filing of the February 22, 2024, demurrer in action *All-Ways Pacific LLC et al v. Saadia Group LLC*, San Bernardino No. CIVSB2305236 violated Plaintiff's, and/or Plaintiff's Clients' constitutional rights of procedural due process.

66.    Separately, Plaintiff seeks, as against Defendant ROMERO, a judicial declaration that relying on grounds not published pursuant to rule 2.254(a) of the *California Rules of Court*, as a basis and/or partial basis for rejecting the filing of the February 22, 2024, demurrer in action *All-Ways Pacific LLC et al v. Saadia Group LLC*, San Bernardino No. CIVSB2305236 violated Plaintiff's, and/or Plaintiff's Clients' constitutional rights of procedural due process.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 INJUNCTION — RETROSPECTIVE
### By Plaintiff, against Defendant ROMERO

67.    Plaintiff reincorporates all preceding paragraphs as though fully set forth herein.

68.    To the extent that, for any reason, declaratory relief were unavailable, the Plaintiff seeks an injunction requiring Defendant ROMERO to vacate, and set aside, any grounds for rejecting the filing of the February 22, 2024 demurrer, to the extent that such grounds violated procedural due process minimums under the United States Constitution.

///

///

///

## THIRD CAUSE OF ACTION
### DECLARATORY RELIEF — PROSPECTIVE

**By Plaintiff, against Defendant ROMERO and Defendant SLAYTON**

69.     Plaintiff reincorporates all preceding paragraphs as though fully set forth herein.

70.     Plaintiff seeks, as against Defendant ROMERO and Defendant SLAYTON, a judicial declaration that constitutional rights of procedural due process: (1) requires implementing sections 411.20 and 411.21 with respect to electronic payments, so as to allow litigants to cure insufficient electronic payments in 20 days; and/or (2) requiring clerks to notify litigants of insufficient payment prior to rejection, so as to enable attorneys, like Plaintiff, to alert the clerks that they appear to be misapplying filing-fee requirements; and/or (3) publishing clear policies regarding such matters; and/or (4) allowing litigators to establish prepaid accounts and/or to "overauthorize" a payment amount, so as to ensure that any payment deemed appropriate by the collecting court is within the limit of authorized funds; and/or (5) other procedural safeguards that will avoid filings being rejected through miscalculation.

71.     *Younger* abstention is inappropriate, for the reasons set forth in paragraphs 61–64 above.

### FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983 INJUNCTION — PROSPECTIVE

**By Plaintiff, against Defendant ROMERO and Defendant SLAYTON**

72.     Plaintiff reincorporates all preceding paragraphs as though fully set forth herein.

73.     To the extent that, for any reason, declaratory relief were unavailable, the Plaintiff seeks an injunction requiring Defendant ROMERO and Defendant SLAYTON to (1) implement sections 411.20 and 411.21 with respect to electronic payments, so as to allow litigants to cure insufficient electronic payments in 20 days; and/or (2) require clerks to notify litigants of insufficient payment prior to rejection,

so as to enable attorneys, like Plaintiff, to alert the clerks that they appear to be misapplying filing-fee requirements; and/or (3) publish clear policies regarding such matters; and/or (4) allow litigators to establish prepaid accounts and/or to "overauthorize" a payment amount, so as to ensure that any payment deemed appropriate by the collecting court is within the limit of authorized funds; and/or (5) utilize other procedural safeguards that will avoid filings being rejected through miscalculation.

## FIFTH CAUSE OF ACTION

### DECLARATORY RELIEF — PROSPECTIVE

### By Plaintiff, against Defendant ROMERO and Defendant SLAYTON

74.    Plaintiff reincorporates all preceding paragraphs as though fully set forth herein.

75.    Plaintiff seeks, as against Defendant ROMERO and Defendant SLAYTON, a judicial declaration that constitutional rights of procedural due process requires those Defendants to publish all grounds that those Defendants anticipate relying upon in the rejection of electronic filings.

76.    *Younger* abstention is inappropriate, for the reasons set forth in paragraphs 61–64 above.

## SIXTH CAUSE OF ACTION

### 42 U.S.C. § 1983 INJUNCTION — PROSPECTIVE

### By Plaintiff, against Defendant ROMERO and Defendant SLAYTON

77.    Plaintiff reincorporates all preceding paragraphs as though fully set forth herein.

78.    To the extent that, for any reason, declaratory relief were unavailable, the Plaintiff seeks an injunction requiring Defendant ROMERO and Defendant SLAYTON to publish all grounds that those Defendants anticipate relying upon in

the rejection of electronic filings.

## **PRAYER FOR RELIEF**

Plaintiff LEVI LESCHES accordingly prays for the following relief against Defendant ANABEL Z. ROMERO; and Defendant DAVID SLAYTON;

(1)    For a judicial declaration, in the manner requested in the preceding paragraphs;

(2)    For injunctive relief, in the manner requested in the preceding paragraphs;

(3)    For reasonably attorneys' fees;

(4)    For costs of suit;

(5)    For such other and further relief as the Court deems just and proper.

Dated: March 11, 2024        **LESCHES LAW**

        /s/ Levi Lesches
        Levi Lesches