MATTHEW L. GREEN, Bar No. 227904
matthew.green@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, California 92101
Telephone: (619) 525-1300
Facsimile: (619) 233-6118

Attorneys for Defendants
ANABEL Z. ROMERO, Court Executive Officer of the Superior Court of California, County of San Bernardino; and DAVID W. SLAYTON, Court Executive Officer of the Superior Court of California, County of Los Angeles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI LESCHES,<br><br>    Plaintiff,<br><br>    v.<br><br>ANABEL ROMERO, et al.,<br><br>    Defendants. | Case No. 5:24-cv-00524 KK-SP<br>Judge: Hon. Kenly Kiya Kato<br><br>ANSWER TO COMPLAINT<br><br>Complaint Filed: March 11, 2024 |

Defendants Anabel Z. Romero ("Romero"), Court Executive Officer of the Superior Court of California, County of San Bernardino, and David W. Slayton ("Slayton"), Court Executive Officer of the Superior Court of California, County of Los Angeles (collectively, "Defendants") hereby answer the Complaint filed by Plaintiff Levi Lesches as follows:

1. In answer to paragraph 1, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

2. In answer to paragraph 2, Defendants admit that Romero is the Court Executive Officer of the Superior Court of California, County of San Bernardino, and that the contents of California Government Code § 71620 and California Rules of Court, rule 10.610 are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

3. In answer to paragraph 3, Defendants admit that that the contents of California Government Code §§ 69845 through 69846.5 and 71620(b) are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

4. In answer to paragraph 4, Defendants admit that Slayton is the Executive Officer/Clerk of Court of the Superior Court of California, County of Los Angeles, and that the contents of California Government Code §§ 69840 and 71620 and California Rules of Court, rule 10.610 are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

5. In answer to paragraph 5, Defendants admit that that the contents of California Government Code §§ 69845 through 69846.5 and 71620(b) are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

6. In answer to paragraph 6, Defendants admit that this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331. Except as expressly

admitted, Defendants deny the allegations contained therein.

7. In answer to paragraph 7, Defendants admit that venue is proper in this Court. Except as expressly admitted, Defendants deny the allegations contained therein.

8. In answer to paragraph 8, Defendants admit that this Court has personal jurisdiction over them in this action. Except as expressly admitted, Defendants deny the allegations contained therein.

9. In answer to paragraph 9, Defendants admit that this action concerns the electronic filing procedures of the Superior Court of California, County of San Bernardino and the Superior Court of California, County of Los Angeles. Except as expressly admitted, Defendants deny the allegations contained therein.

10. In answer to paragraph 10, Defendants deny the allegations contained therein.

11. In answer to paragraph 11, Defendants deny the allegations contained therein.

12. In answer to paragraph 12, Defendants deny the allegations contained therein.

13. In answer to paragraph 13, Defendants admit that that the contents of California Code of Civil Procedure §§ 411.20 and 411.21 are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

14. In answer to paragraph 14, Defendants admit that that the contents of California Code of Civil Procedure §§ 411.20 and 411.21 are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

15. In answer to paragraph 15, Defendants admit that that the contents of California Code of Civil Procedure §§ 411.20 and 411.21 are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

contained therein.

16. In answer to paragraph 16, Defendants admit that that the contents of California Code of Civil Procedure § 411.20.5 are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

17. In answer to paragraph 17, Defendants admit that that the contents of California Code of Civil Procedure § 411.20.5 are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

18. In answer to paragraph 18, Defendants deny the allegations contained therein.

19. In answer to paragraph 19, Defendants admit that the Complaint seeks declaratory relief under 22 U.S.C. § 2201 and injunctive relief under 42 U.S.C. § 1983. Except as expressly admitted, Defendants deny the allegations contained therein.

20. In answer to paragraph 20, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

21. In answer to paragraph 21, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

22. In answer to paragraph 22, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

23. In answer to paragraph 23, Defendants admit that Plaintiff is a licensed California attorney that has practiced before the Superior Court of California, County of San Bernardino and the Superior Court of California, County of Los Angeles. Except as expressly admitted, Defendants deny the allegations contained therein.

24. In answer to paragraph 24, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and,

on that basis, deny the allegations contained therein.

25. In answer to paragraph 25, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

26. In answer to paragraph 26, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

27. In answer to paragraph 27, Defendants admit that that the contents of California Code of Civil Procedure §§ 411.20 and 411.21 are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

28. In answer to paragraph 28, Defendants admit that that the contents and holding in *Duran v. St. Luke's Hosp.*, 114 Cal. App. 4th 457 (Ct. App. 2003) are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

29. In answer to paragraph 29, Defendants admit that that the contents of California Code of Civil Procedure §§ 411.20 and 411.21 are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

30. In answer to paragraph 30, Defendants admit that that the contents of California Code of Civil Procedure §§ 411.20 and 411.21 are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

31. In answer to paragraph 31, Defendants admit that that the contents of California Code of Civil Procedure §§ 411.20 and 411.21 are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

///

32. In answer to paragraph 32, Defendants admit that that the contents of California Rules of Court, rule 2.254(a) are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

33. In answer to paragraph 33, Defendants admit that the contents of the files of the Superior Court of California, County of Los Angeles for the matter of *In re Audrey Haskell Family Trust 2001*, Case No. 19STPB06779, are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

34. In answer to paragraph 34, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

35. In answer to paragraph 35, Defendants admit that the contents of the files of the Superior Court of California, County of Los Angeles for the matter of *In re Audrey Haskell Family Trust 2001*, Case No. 19STPB06779, are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

36. In answer to paragraph 36, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

37. In answer to paragraph 37, Defendants admit that that the contents of California Government Code § 70617(b)(1) are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

38. In answer to paragraph 38, Defendants admit that that the contents of the Superior Court of California, County of Los Angeles Civil Fee Schedule, which is available at https://www.lacourt.org/forms/pdf/fees/fee-schedule-2021.pdf, are set forth therein, and that the contents of California Government Code § 70603(a) are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

39. In answer to paragraph 39, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and,

on that basis, deny the allegations contained therein.

40. In answer to paragraph 40, Defendants admit that that the contents of California Government Code § 6159(h)(2) are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

41. In answer to paragraph 41, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

42. In answer to paragraph 42, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

43. In answer to paragraph 43, Defendants admit that that the contents of California Government Code § 6159(h)(2) are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

44. In answer to paragraph 44, Defendants deny the allegations contained therein.

45. In answer to paragraph 45, Defendants admit that that the contents of California Government Code § 71386 and California Rules of Court, rule 2.254(a) are set forth therein, respectively. Except as expressly admitted, Defendants deny the allegations contained therein.

46. In answer to paragraph 46, Defendants admit that that the contents of correspondence between Plaintiff and Sherri R. Carter, former Executive Officer/Clerk of Court of the Superior Court of California, County of Los Angeles, are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

47. In answer to paragraph 47, Defendants deny the allegations contained therein.

48. In answer to paragraph 48, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

25508.00158\42860999.1 - 7 - ANSWER TO COMPLAINT
5:24-CV-00524 KK-SP

on that basis, deny the allegations contained therein.

49. In answer to paragraph 49, Defendants admit that the contents of the files of the Superior Court of California, County of San Bernardino for the matter of *All-Ways Pacific LLC, et al. v. Saadia Group LLP*, Case No. CIVSB2305236, are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

50. In answer to paragraph 50, Defendants admit that the contents of the files of the Superior Court of California, County of San Bernardino for the matter of *All-Ways Pacific LLC, et al. v. Saadia Group LLP*, Case No. CIVSB2305236, are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

51. In answer to paragraph 51, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

52. In answer to paragraph 52, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

53. In answer to paragraph 53, Defendants admit that that the contents of the Superior Court of California Statewide Civil Fee Schedule, which is available at https://www.sb-court.org/sites/default/files/Divisions/Civil/feeSched.pdf are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

54. In answer to paragraph 54, Defendants admit that the contents of the files of the Superior Court of California, County of San Bernardino for the matter of *All-Ways Pacific LLC, et al. v. Saadia Group LLP*, Case No. CIVSB2305236, are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

/ / /

55. In answer to paragraph 55, Defendants admit that that the contents of California Rules of Court, rule 2.254(a) are set forth therein. Except as expressly admitted, Defendants deny the allegations contained therein.

56. In answer to paragraph 56, Defendants re-allege and incorporate by reference herein their responses to paragraphs 1 through 55 above.

57. In answer to paragraph 57, Defendants admit that the Complaint seeks declaratory relief under 22 U.S.C. § 2201. Except as expressly admitted, Defendants deny the allegations contained therein.

58. In answer to paragraph 58, Defendants deny the allegations contained therein.

59. In answer to paragraph 59, Defendants deny the allegations contained therein.

60. In answer to paragraph 60, Defendants deny the allegations contained therein.

61. In answer to paragraph 61, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

62. In answer to paragraph 62, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

63. In answer to paragraph 63, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

64. In answer to paragraph 64, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

65. In answer to paragraph 65, Defendants admit that the Complaint seeks declaratory relief under 22 U.S.C. § 2201. Except as expressly admitted, Defendants

deny the allegations contained therein.

66. In answer to paragraph 66, Defendants admit that the Complaint seeks declaratory relief under 22 U.S.C. § 2201. Except as expressly admitted, Defendants deny the allegations contained therein.

67. In answer to paragraph 67, Defendants re-allege and incorporate by reference herein their responses to paragraphs 1 through 66 above.

68. In answer to paragraph 68, Defendants admit that the Complaint seeks injunctive relief under 42 U.S.C. § 1983. Except as expressly admitted, Defendants deny the allegations contained therein.

69. In answer to paragraph 69, Defendants re-allege and incorporate by reference herein their responses to paragraphs 1 through 68 above.

70. In answer to paragraph 70, Defendants admit that the Complaint seeks declaratory relief under 22 U.S.C. § 2201. Except as expressly admitted, Defendants deny the allegations contained therein.

71. In answer to paragraph 71, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

72. In answer to paragraph 72, Defendants re-allege and incorporate by reference herein their responses to paragraphs 1 through 71 above.

73. In answer to paragraph 73, Defendants admit that the Complaint seeks injunctive relief under 42 U.S.C. § 1983. Except as expressly admitted, Defendants deny the allegations contained therein.

74. In answer to paragraph 74, Defendants re-allege and incorporate by reference herein their responses to paragraphs 1 through 73 above.

75. In answer to paragraph 75, Defendants admit that the Complaint seeks declaratory relief under 22 U.S.C. § 2201. Except as expressly admitted, Defendants deny the allegations contained therein.

///

76. In answer to paragraph 76, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

77. In answer to paragraph 77, Defendants re-allege and incorporate by reference herein their responses to paragraphs 1 through 76 above.

78. In answer to paragraph 78, Defendants admit that the Complaint seeks injunctive relief under 42 U.S.C. § 1983. Except as expressly admitted, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

As a first and separate affirmative defense, the Complaint fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Mootness)**

As a second and separate affirmative defense, the Complaint is moot in light of the adoption of General Order #GO24-029, General Order of the Presiding Judge of the Superior Court of California, County of San Bernardino, *In re: Rejection of Document Submitted for Electronic Filing Due to Deficiency of Required Fees*.

### THIRD AFFIRMATIVE DEFENSE

**(Quasi-Judicial and Legislative Immunity)**

As a third and separate affirmative defense, Defendants are absolutely immune from liability under the doctrines of quasi-judicial and/or legislative immunity.

### FOURTH AFFIRMATIVE DEFENSE

**(*Rooker-Feldman* Doctrine)**

As a fourth and separate affirmative defense, the Complaint and all claims therein are barred by the *Rooker-Feldman* doctrine.

## FIFTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment Immunity)

As a fifth and separate affirmative defense, the Complaint and all claims therein are barred by the Eleventh Amendment.

## SIXTH AFFIRMATIVE DEFENSE

### (Act or Omission of Plaintiff)

As a sixth and separate affirmative defense, to the extent Plaintiff has suffered any damages as a result of the acts and/or omissions alleged in the Complaint, which Defendants deny, such damages were caused by the acts and/or omissions of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

As a seventh and separate affirmative defense, the Complaint is barred by reason of acts, omissions, representations and courses of conduct by Plaintiff by which Defendants was led to rely to their detriment, thereby barring under the doctrine of equitable estoppel Plaintiff's asserted claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As an eighth and separate affirmative defense, the Complaint is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a ninth and separate affirmative defense, the Complaint is barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing to Obtain Equitable Relief)

As a tenth and separate affirmative defense, Plaintiff lacks standing to obtain equitable relief against Defendants, as declaratory relief is unavailable to establish

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

25508.00158\42860999.1 — - 12 - — ANSWER TO COMPLAINT
5:24-CV-00524 KK-SP

1 liability for past conduct and there is no serious risk of future harm to Plaintiff to
2 support injunctive relief.

### **ELEVENTH AFFIRMATIVE DEFENSE**

**(Act of Omission of Third Parties)**

As an eleventh and separate affirmative defense, any damages Plaintiff may have sustained were the result, in whole or in part, of conduct by other parties for whom Defendants are not legally responsible.

### **TWELFTH AFFIRMATIVE DEFENSE**

**(Consent)**

As a twentieth and separate affirmative defense, the Complaint is barred because Plaintiff consented to the conduct of Defendants.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. That Defendants take judgment against Plaintiff;
3. That Defendants recover the costs of suit incurred herein; and
4. For such other and further relief as the Court deems proper.

Dated: October 25, 2024    BEST BEST & KRIEGER LLP

By: /s/ Matthew L. Green
MATTHEW L. GREEN
Attorneys for Defendants
ANABEL Z. ROMERO, Court Executive Officer of the Superior Court of California, County of San Bernardino; and DAVID W. SLAYTON, Court Executive Officer of the Superior Court of California, County of Los Angeles

<u>Levi Lesches v. Anabel Z. Romero; David W. Slayton</u>
United States District Court, Central District of California,
Eastern Division, Case No. 24-cv-00524 KK (SPx)

# **PROOF OF SERVICE**

I, Lisa Atwood, declare:

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 655 West Broadway, 15th Floor, San Diego, California 92101. On October 25, 2024, I served a copy of the within document(s):

**ANSWER TO COMPLAINT**

[X] **By Electronic Service**. Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's EC/ECF system.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 25, 2024, at San Diego, California.

*/s/ Lisa Atwood*
Lisa Atwood

- 1 -

25508.00158\42150803.1